NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE DIMITRIOS SKRETTAS,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2015-3228

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-15-0099-I-1.

---

Decided: March 10, 2016

---

GEORGE DIMITRIOS SKRETTAS, Ann Arbor, MI, pro se.

SARAH CHOI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before TARANTO, CLEVENGER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*.

George Skrettas appeals from the final order of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Because the Board did not err in finding that Mr. Skrettas waived his appeal rights in a prior settlement agreement, we affirm.

                                    I

On August 12, 2011, Mr. Skrettas was terminated from his position as a registered respiratory therapist at the Department of Veterans Affairs (VA) for unsatisfactory performance. Mr. Skrettas filed a complaint for harassment/hostile work environment, which he appealed to the Merit Systems Protection Board (Board). The matter was resolved by an October 2011 settlement agreement, under which the VA agreed to rescind Mr. Skrettas's removal and convert the action to a voluntary resignation. Respondent's Appendix (R.A.) 29–30. In exchange, Mr. Skrettas withdrew his appeal and agreed to "waive[] any and all rights and claims arising from the facts of the [] MSPB Appeal and EEO Complaint in any other forum, including but not limited to . . . the Merit Systems Protection Board." *Id.* at 29–30. The Board dismissed the appeal in light of the settlement agreement, and notified the parties that the agreement is not subject to Board enforcement.

Several years later, in November 2014, Mr. Skrettas filed a second Board appeal, this time alleging that the August 2011 termination was in retaliation for whistleblower activity. *Id.* at 6. The Board dismissed Mr. Skrettas's appeal for lack of jurisdiction because it found that he had waived his appeal rights in the October 2011 settlement agreement. *Id.* at 8.

Mr. Skrettas appeals the Board's dismissal for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We may only hold unlawful and set aside any agency action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). We are bound by the Board's factual findings on which a jurisdictional determination is based unless those findings are not supported by substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Mr. Skrettas asserts that he entered into the agreement under "duress of false charges" because the VA failed to convert his termination to a voluntary resignation in a timely manner. Pet. Br. 2–4. The government contends that the plain language of the agreement makes clear that Mr. Skrettas entered into the agreement freely and voluntarily. Resp. Br. 11.

We agree with the Board's determination that Mr. Skrettas's waiver of appeal rights is enforceable. R.A. 8. The settlement agreement states that both parties entered into the agreement "freely and voluntarily with no unwarranted duress or undue influence from any person or source." *Id.* at 31. Mr. Skrettas agreed that he "thoroughly reviewed the entire Agreement and understands its provisions." *Id.* at 30. Therefore, we find that Mr. Skrettas entered into the settlement agreement voluntarily, and was not under duress or undue influence. *See McCall v. United States Postal Serv.*, 839 F.2d 664, 667–69 (Fed. Cir. 1988); *Mays v. United States Postal Serv.*, 995 F.2d 1056, 1059 (Fed. Cir. 1993).

Because Mr. Skrettas waived his appeal rights, the Board properly dismissed Mr. Skrettas's appeal for lack of jurisdiction. Accordingly, we affirm the Board's judgment.

**AFFIRMED**

No costs.